LEMMON, Judge.
Mrs. George A. Abry filed a petition for separation from bed and board on the grounds of “excessive drinking, verbal abuse, continuous indignities and other acts of mistreatment” by her husband which forced her to leave the matrimonial domicile on February 7, 1969. Her husband denied the allegations, pleaded the affirmative defense of reconciliation and filed a reconventional demand for separation on the grounds of abandonment by moving out of the matrimonial domicile without lawful cause.
The district court found that Mrs. Abry had failed to carry her burden of proof of excessive drinking and cruel treatment, and dismissed her suit. Mrs. Abry appealed suspensively.
The court also dismissed the husband’s reconventional demand. The husband did not appeal, and this judgment is now final.
In support of her contentions, Mrs. Abry testified that her husband drank every week-end and two or three nights during the week, staying out with his friends until late hours. She also complained of his abusive language and his criticism of her appearance. Her brother and sister testified that the husband was drinking every time they saw him and that he treated his wife indifferently. Several other witnesses testified as to the husband’s regular Friday evening meetings with his friends in various lounges.
On the other hand, the husband testified that he had worked seven days a week to completely renovate and make liveable a residence before their marriage and added a garage two years after. Since he had only an elementary school education, he obtained a high school equivalency diploma after the marriage and also took courses in accounting at a business school. He contends that he attended school two nights per week during parts of 1966 and 1967.
Although he worked regularly for Abry Bros. Construction Company (his father’s business) earning $9,000.00 per year, he supplemented his income by installing plastic swimming pools in 1968, working in the evenings and on Saturdays.
He denied drinking to excess, but blamed most of the marital problems on his in-laws.
The trial judge observed:
“The allegation of excessive drinking is unsupported by any testimony which contradict the defendant’s steady employment and efforts to better himself educationally and financially.”
In finding that the wife had failed to carry her burden of proof, the trial judge placed the blame for the problems of the marriage on “mutual incompatibility and the immature and adolescent attitudes of the parties involved”.
We note that witnesses for the wife described Mr. Abry’s frequent drinking, but not frequent drunkenness, a pre-requi-site to a finding of habitual intemperance which makes living together insupportable. Schaub v. Schaub, 117 La. 727, 42 So. 249 (1906). Additionally, there was no substantial testimony as to physical or mental cruelty, except for the late hours allegedly kept by the husband in connection with the drinking charges and his indifferent attitude toward the wife.
The mutual incompatibility observed by the trial judge was obvious in the record. The wife did not enjoy her husband’s activities, and the husband did not enjoy visits with the wife’s family. Instead of working together to resolve these problems and *217 “meet half-way”, the husband engaged in more activities away from home and the wife spent more time with her family.
While it is true that the husband was mistaken in some testimony and exaggerated other, he was substantially correct on significant points. After carefully reviewing the record and evaluating all of the testimony, we conclude that the trial judge did not commit manifest error in finding that the wife’s proof was insufficient to support her allegations as to her husband’s fault.
However, the wife contends that the trial judge could not have dismissed her suit and the reconventional demand and still found mutual fault, which was mentioned in the judgment. The wife’s fault addresses itself to the reconventional demand, the dismissal of which was not appealed from and is not before us. Therefore, any finding of fault on the part of the wife should be deleted from the judgment.
During the trial on the merits of the separation suit, evidence was also taken on a rule to reduce alimony pendente lite. After this appeal was filed, there was a subsequent judgment reducing the alimony. The wife contends that this later judgment is a nullity, since the trial court lost jurisdiction over all matters reviewable on appeal when the appeal bond was filed. LSA-C.C.P. art. 2088. However, the appeal before us is from a judgment dismissing a suit for separation, and the question of the correctness or the nullity of any other judgment cannot be considered in this appeal.
For the foregoing reasons, the judgment of the trial court is amended to exclude the finding of fault on the part of Mrs. Barbara Rodriguez Abry, and, as amended, the judgment is affirmed. All costs are to be paid by the defendant-appellee.
Amended and affirmed.